# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:15-cv-00388-RJC-DSC

| | |
|---|---|
| SAMUEL LITVIN MICHAELS, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, and Memorandum in Support, (Doc. Nos. 11, 11-1); Defendant's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 14, 15); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 16), recommending that this Court deny Plaintiff's Motion and grant Defendant's Motion; Plaintiff's Objections to the Magistrate Judge's M&R, (Doc. No. 17); and Defendant's Reply to Plaintiff's Objections, (Doc. No. 18).

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Thus, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Under Rule

72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. Fed. R. Civ. P. 72(b). Nonetheless, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Id. Ultimately, a district judge is responsible for the final determination and outcome of the case, and accordingly this Court has conducted a careful review of the Magistrate Judge's M&R.

Regarding review of the Commissioner's decision, the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401)

(brackets in original); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The Magistrate Judge issued an M&R, (Doc. No. 16), and found that the ALJ did not commit any errors and that her conclusions were supported by substantial evidence. Plaintiff timely filed objections to the Magistrate Judge's M&R, in which he asserted that the Magistrate Judge erred in the following three respects: (1) the application of the recent Fourth Circuit Decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015); (2) the conclusion that some of the Plaintiff's impairments are not severe impairments; and (3) the conclusion that Plaintiff's mental conditions did not meet the regulatory criteria for the Listing of Impairments. (Doc. No. 17). Notably, all three of these objections are nearly identical to arguments made by the Plaintiff on summary judgment.

The Court has carefully reviewed Plaintiff's and Defendant's summary judgment briefings, the record, the M&R, Plaintiff's objections to the M&R, and Defendant's response to Plaintiff's objections, and in doing so considered each of Plaintiff's arguments de novo. The Court finds that the Magistrate Judge already thoroughly addressed each of the Plaintiff's objections, all of which

also appeared in the Plaintiff's summary judgement arguments. Furthermore, the Magistrate Judge and the ALJ applied the proper legal standards. This Court agrees with the Magistrate Judge that substantial evidence supports each of the ALJ's findings that were contested by the Plaintiff in his Motion for Summary Judgment. Nothing in Plaintiff's objections warrants further discussion by the Court. Accordingly, the Court adopts and incorporates by reference the Magistrate Judge's M&R.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **DENIED**;
2. Defendants' Motion for Summary Judgment, (Doc. No. 14), is **GRANTED**; and
3. The Clerk of Court is directed to close this case.

Signed: September 26, 2016

Robert J. Conrad, Jr.
United States District Judge